# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 24, 2020

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CAROLYN ORRELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Case No. 17-736V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Influenza (Flu) |
| AND HUMAN SERVICES, | * | Vaccine; Shoulder Injury Related to Vaccine |
| | * | Administration (SIRVA). |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.
Dhairya D. Jani, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 2, 2017, Carolyn Orrell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that as a result of an influenza ("flu") vaccine administered on November 7, 2014, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On November 6, 2019, the undersigned issued a ruling finding petitioner entitled to compensation.

On January 24, 2020, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, respondent represented that petitioner agrees with the proffered award. Proffer at 1. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

1

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $95,000.00 for pain and suffering, in the form of a check made payable to petitioner, Carolyn Orrell.**

Proffer at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                         *
CAROLYN ORRELL,                          *
                                         *
                  Petitioner,            *
                                         *
v.                                       *    No. 17-736V (ECF)
                                         *    SPECIAL MASTER
                                         *    NORA BETH DORSEY
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
                  Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 2, 2019, Special Master Dorsey issued a Ruling on Facts finding that (1) petitioner's influenza vaccination was administered into her left shoulder; and (2) that the onset of her alleged SIRVA injury occurred within 48 hours of that vaccination.  Thereafter, on November 6, 2019, Special Master Dorsey entered a Ruling on Entitlement, finding petitioner, Carolyn Orrell, entitled to Vaccine Act compensation for her Table SIRVA injury.

**I.     Amount of Compensation**

Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded $95,000.00.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's November 6, 2019, entitlement decision.

## II. Items of Compensation and Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment described below, and request that the Special Master's damages decision and the Court's judgment award the following: [2]

A. <u>Petitioner's Damages</u>

A lump sum payment of $95,000.00 (for pain and suffering) in the form of a check payable to petitioner, Carolyn Orrell.

B. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ DHAIRYA D. JANI*
DHAIRYA D. JANI
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

3

                                                                               Benjamin Franklin Station  
                                                                               Washington, D.C. 20044-0146  
                                                                               Tel:  (202) 616-4356

Dated:  <u>January 24, 2020</u>