# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: October 20, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CAROLYN ORRELL, | * | UNPUBLISHED |
| | * | No. 17-736V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Michael G. McLaren, Black McLaren, et al., PC, Mempis, TN, for petitioner.
Dhairya D. Jani, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 2, 2017, Carolyn Orrell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that as a result of an influenza ("flu") vaccine administered on November 7, 2014, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On January 24, 2020, the respondent filed his proffer, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 72).

On April 17, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 77). Petitioner requests compensation in the amount of $66,575.34, representing $61,773.80 in attorneys' fees, and $4,801.54 in attorneys' costs. Fees App. at 1. Respondent filed his response on April 29, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

at 2 (ECF No. 78). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $66,052.68.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior

experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel at Black McLaren: for Mr. Michael McLaren, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020; for Mr. William Cochran, Jr., $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $391.00 per hour for work performed in 2019, and $405.00 per hour for work performed in 2020; and for Mr. Chris Webb, $315.00 per hour for work performed in 2017 and $338.00 per hour for work performed in 2019. Fees App. at 8. Mr. McLaren's 2018 rate exceeds the maximum amount prescribed by the OSM Fee Schedule for 2018, and shall therefore be reduced to $455.00 per hour, resulting in a reduction of $9.30.[2] The rest of the requested rates are reasonable and consistent with what counsel has previously been awarded for their Vaccine Program work.

### ii. Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is awarded final attorneys' fees of $61,764.50.

### b. Attorneys' Costs

Petitioner requests a total of $4,801.54 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and travel costs to meet with petitioner. Upon review, it appears that Mr. Webb billed time for first class travel and the use of transportation service, Uber Black. Mr. Webb has been previously cautioned against the use of luxury services for travel. See, Wright v. Sec'y of Health & Human Servs., No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); Digerolamo v. Sec'y of Health & Human Serv., No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); Spivey v. Sec'y of Health & Human Serv., No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and Lepper v. Sec'y of Health & Human Servs., No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019). Although counsel slightly reduced the cost of airfare from $1050.50 to $926.50, counsel did not provide documentation to support this as the cost of an economy airfare. The undersigned reduces the airfare costs and costs of Uber Black by half, resulting in a reduction of costs in the amount of $513.36.

---

[2] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Concerning the remaining costs, petitioner has provided adequate documentation supporting these costs, and they all appear reasonable in the undersigned's experience. Accordingly, petitioner is awarded $4,288.18 in final attorneys' costs.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $61,773.80 |
|---|---|
| (Total Reduction from Billing Hours) | ($9.30) |
| **Total Attorneys' Fees Awarded** | **$61,764.50** |
| | |
| Attorneys' Costs Requested | $4,801.54 |
| (Reduction of Costs) | **($513.36)** |
| **Total Attorneys' Costs Awarded** | **$4,288.18** |
| | |
| **Total Amount Awarded** | **$66,052.68** |

**Accordingly, I award a lump sum in the amount of $66,052.68, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.